UNITED STATES of America, Appellee,

v.

Nicholas CASTANO & Theresa Rodriguez, Defendants–Appellants,

Jorge Castro & Diana Gonzales, Defendants.

Nos. 1816, 1817, Dockets 93–1055, 93–1131.

United States Court of Appeals, Second Circuit.

Argued July 13, 1993.

Decided July 15, 1993.

David Cooper, New York City, for defendant-appellant Castano.

Jerry L. Tritz, New York City, for defendant-appellant Rodriguez.

Mark O. Wasserman, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY (Zachary W. Carter, U.S. Atty., Susan Corkery, Asst. U.S. Atty., of counsel), for appellee.

Before: MAHONEY, McLAUGHLIN and JACOBS, Circuit Judges.

PER CURIAM:

Defendants-appellants Nicholas Castano and Theresa Rodriguez appeal from judgments of conviction entered February 4, 1993 and January 20, 1993, respectively, in the United States District Court for the Eastern District of New York, Sterling Johnson, Jr., *Judge,* following their convictions at a jury trial of conspiracy to distribute, and to possess with intent to distribute, cocaine in violation of 21 U.S.C. § 846 (1988), and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988) and 18 U.S.C. § 2 (1988). On appeal, Castano contends that the trial court erred (a) in denying him a two-level reduction for acceptance of responsibility, and (b) in failing to give him a two-level reduction for playing a minor role in the crimes charged. Rodriguez contends that she was denied her due process right to a fair trial by the introduction at trial of two statements referring to dealings in firearms despite a prior district court ruling that barred the introduction of such evidence.[1] Specifically, a government informant who arranged the pertinent cocaine transaction with Rodriguez improperly testified on direct examination that he asked her "if she could bring any weapons with the deal also." Further, a tape recording that was played by the government during its cross-examination of another informant (called as a hostile witness by the defense) included a statement by an unindicted confederate of Rodriguez that "[w]e got a nine M and M for eight ... [w]ell, let's say nine, you know with the other hundred...." No curative instruction was sought as to the first statement; one was sought, and provided, as to the second.

Castano contends that because he was truthful, as the government conceded at sentencing, at his second (but not first) proffer

---

1. This ruling was made in tandem with a denial of a motion by Rodriguez for the joinder of the charges in this case with those in a separate indictment charging her and a different group of codefendants with a plot to sell firearms.

session, he should have been accorded an adjustment in his base offense level for acceptance of responsibility. He argues that forcing the government to its burden of proof at trial does not preclude a finding of acceptance of responsibility.

■ A reduction for acceptance of responsibility is foreclosed in this case, however, by the commentary to U.S.S.G. § 3E1.1, which states that: "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, comment. (n. 2). There will only be "rare" exceptions to this rule, such as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.,* to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." *Id.* Nothing in the record indicates that Castano had any purpose in going to trial other than to deny his factual guilt.

The cases cited by Castano to support his position are inapposite. While both *United States v. Charria,* 919 F.2d 842, 849 (2d Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 38 (1991), and *United States v. Moskowitz,* 883 F.2d 1142, 1155 (2d Cir.1989), assert without qualification that putting the government to its proof at trial does not preclude a finding of acceptance of responsibility at the time of sentencing, and other cases in this circuit have expressed this view, *see, e.g., United States v. Bonds,* 933 F.2d 152, 156 (2d Cir.1991) (per curiam) (citing *Moskowitz,* 883 F.2d at 1155); *United States v. Tillem,* 906 F.2d 814, 828 (2d Cir. 1990), all these cases apparently were premised upon earlier and more lenient Guidelines commentary. *See* U.S.S.G.App. C, amendment no. 351.[2] We are obligated, however, to follow the current version of that commentary.

As the Supreme Court recently stated in *Stinson v. United States,* —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993):

[Guidelines] commentary is akin to an agency's interpretation of its own legislative rules. As we have often stated, provided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945).

. . . .

... Amended commentary is binding on the federal courts even though it is not reviewed by Congress, and prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation that satisfies the standard we set forth today.

*Id.* —— U.S. at ——, 113 S.Ct. at 1919. We accordingly conclude, in reliance upon the current commentary, that Castano was not entitled to an adjustment in his base offense level for acceptance of responsibility.

■ Castano also argues that he should have been accorded a two-level reduction in his base offense level because he was a minor participant in the conspiracy. Whether a defendant played a minor role in a crime is a factual question reviewed on appeal for clear error. *United States v. Garcia,* 920 F.2d 153, 156 (2d Cir.1990) (per curiam). The defendant bears the burden of proving, by a preponderance of the evidence, that his participation was minor. *United States v. Lopez,* 937 F.2d 716, 726 (2d Cir.1991); *Garcia,* 920 F.2d at 156. Castano contends that the government's own evidence establishes that his involvement was limited to acting as a "lookout." However, the evidence in the record indicates that Castano's participation was more substantial. Gonzalez, a codefendant and confederate of Rodriguez, sought out Castano to ascertain the progress and status of the transaction. Castano and Castro, who

**2.** *Moskowitz* and *Tillem* both preceded the effective date of amendment no. 351, which was November 1, 1990. *Charria* and *Bonds* were decided shortly thereafter, but addressed this issue in passing and made no reference to the amended commentary. All four cases upheld the denial of an adjustment to the base offense level for acceptance of responsibility.

drove the cocaine to the site of the sale, together brought the cocaine into the building where the transaction was to be consummated. Castano was apparently the only one of the suppliers in possession of a firearm. The district court's conclusion that Castano was not a minor participant was not clearly erroneous.

■ We next address Rodriguez' challenge to her conviction premised upon the erroneous admission of two items of evidence regarding weapons. Trial errors do not merit reversal unless they affect the substantial rights of the defendant. *United States v. Colombo*, 909 F.2d 711, 713 (2d Cir.1990); Fed.R.Crim.P. 52(a). An error is considered harmless when " 'it is "highly probable" that the error did not contribute to the verdict.' " *Colombo*, 909 F.2d at 713 (quoting *United States v. Corey*, 566 F.2d 429, 432 (2d Cir. 1977)).

■ It is extremely unlikely that the erroneously admitted evidence contributed to the guilty verdict in this case. The introduction of the evidence was inadvertent; further, the prosecution did nothing to emphasize the statements at the time they were made, and never referred to them thereafter. Neither statement was particularly damaging. The first reference was ambiguous. It does not explicitly refer to trafficking in firearms, and could have meant simply that Rodriguez should bring firearms to the transaction for protection. The statement was sufficiently brief and innocuous that it escaped the court's attention ("I don't recall it. I think I would have reacted.").

■ The second reference to weapons was cryptic. Moreover, the district court ordered that portion of the tape recording stricken, and ordered the jury to disregard it. As the Supreme Court has counselled:

> We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an "overwhelming probability" that the jury will be unable to follow the court's instructions, *Richardson v. Marsh*, 481 U.S. 200, 208 [107 S.Ct. 1702, 1707–08, 95 L.Ed.2d 176] (1987), and a strong likelihood that the effect of the

evidence would be "devastating" to the defendant, *Bruton v. United States*, 391 U.S. 123, 136 [88 S.Ct. 1620, 1628, 20 L.Ed.2d 476] (1968).

*Greer v. Miller*, 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 3109 n. 8, 97 L.Ed.2d 618 (1987). The second statement was not so damaging as to warrant a departure from this presumption.

The strength of the prosecution's case is probably the single most critical factor in determining whether error was harmless. 3A Charles A. Wright, *Federal Practice and Procedure* § 854, at 305 (2d ed. 1982). The government's case against Rodriguez was overwhelming. Rodriguez participated in several tape-recorded conversations in which she arranged the sale of two kilograms of cocaine. She was to be paid for her participation in the transaction, and it was scheduled to take place at her apartment. When one supplier raised his price, she arranged for an alternate supplier. Rodriguez' sole defense, entrapment, was undermined by evidence that she had previously participated in unrelated cocaine sales.

We accordingly conclude that the introduction of these statements was harmless error. *Cf. United States v. Minicone*, 960 F.2d 1099, 1109 (2d Cir.) (three inadvertent references to uncharged crimes constituted harmless error when court struck them from record and instructed jury to disregard them), *cert. denied,* —— U.S. ——, 112 S.Ct. 1511, 117 L.Ed.2d 648, —— U.S. ——, 113 S.Ct. 199, 121 L.Ed.2d 142 (1992); *United States v. Anzalone*, 626 F.2d 239, 245 (2d Cir.1980) (reference to defendant's prior incarceration deemed harmless error).

## Conclusion

The judgments of conviction are affirmed.