108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Louis COLON, Petitioner-Appellant,
v.
Robert MITCHELL, Superintendent, Eastern Correctional
Facility, Respondent-Appellee.
 No. 96-2195.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 APPEARING FOR APPELLANT: DEBORAH WOLIKOW LOEWENBERG, ESQ. NEW CITY, NEW YORK
 APPEARING FOR APPELLEE: CAROLYN POKORNY, ESQ. ASSISTANT DISTRICT ATTORNEY, BRONX COUNTY BRONX, NEW YORK
 PRESENT: Hon. JOHN M. WALKER Jr., Hon. JOSEPH M. McLAUGHLIN, Hon. HARLINGTON WOOD Jr.,* Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Mukasey, J.), and was submitted.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Petitioner-appellant Luis Colon ("Colon") appeals from the judgment of the district court, dated December 27, 1995, adopting the magistrate judge's report and recommendation, and denying Colon's petition for habeas corpus pursuant to 28 U.S.C. § 2254. Colon's primary argument on appeal is that his conviction of murder in the second degree and robbery in the first degree pursuant to N.Y. Penal Laws §§ 125.25(3) and 160.15(3), respectively, should be set aside on the ground that the introduction of Colon's non-testifying codefendant's post-arrest statements during their joint trial constituted reversible error. Reviewing the district court's denial of Colon's petition de novo, see Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir.1996), we affirm.
 
 
 3
 Preliminarily, we note that we agree with the district court that the admission of Richard Gordon's confession violated Colon's rights under the Confrontation Clause of the Sixth Amendment. See Cruz v. New York, 481 U.S. 186, 193 (1987). We also agree, however, that Colon has failed to establish that the error "had substantial and injurious effect or influence on determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638 (1992). In particular, we, like the court below, reject Colon's claim that the admission of his co-defendant's confession fatally impaired his ability to prove his affirmative defense to felony-murder because, in our opinion, "no reasonable view of the properly admitted evidence would permit the jury to find that the defendant had met his burden on each and every element." Thompson v. Kelly, 22 F.3d 450, 453 (2d Cir.1994).
 
 
 4
 We rely for this conclusion on our firm belief that a reasonable juror considering only properly introduced evidence would find that Colon failed to satisfy the fourth element of the affirmative defense--namely, the requirement that Colon establish that he "[h]ad no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury." N.Y. Penal Law § 125.25(3)(d). Indeed, the evidence presented by the prosecution at trial was overwhelming that Colon was aware that his co-defendants planned to murder, or, at least seriously injure, the victim, Mario Zamora. See Latine v. Mann, 25 F.3d 1162, 1167-68 (2d Cir.1994) (noting that "[t]he overall strength of the prosecutor's case is probably the single most critical factor in determining whether the error was harmless") (quoting United States v. Castano, 999 F.2d 615, 618 (2d Cir.1993)). For example, there was abundant testimony that Colon was present during and, in fact, participated in, conversations in which Colon's co-defendants indicated their plan to murder the victim. We find particularly significant the fact that Colon himself confessed to the police that, prior to the commission of the crimes, he and his co-defendants discussed the prospect of murdering Zamora. We also find significant Colon's confession that, immediately prior to the actual stabbing of Zamora, he observed his co-defendant, Edwin Bonilla, standing in the room where the murder would soon occur, holding a knife. However, rather than attempt to disarm his co-defendant or abandon the enterprise altogether, Colon explained to the police that he simply went into another room to collect items that the group would subsequently steal. In short, we conclude that sufficient evidence independent of Gordon's confession exists such that the introduction of the confession did not have a substantial or injurious effect on the jury's rejection of Colon's affirmative defense. See Brecht, 507 U.S. at 638.
 
 
 5
 Accordingly, for substantially the reasons set forth in the opinion of the district court, see Opinion and Order, 93 Civ. 4951 (S.D.N.Y. Dec. 22, 1995) and in the magistrate judge's report and recommendation, see 93 Civ. 4951 (S.D.N.Y. Aug. 3, 1995), the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood Jr., of the United States Court of Appeals for the Seventh Circuit, sitting by designation