**UNITED STATES of America,
Appellee,**

v.

**Freddy GABIN, aka "Tiburon", Dagoberto Acevedo, aka "Pasha", Julian Polanco, aka "Julito", Pablo Nunez–Tavarez, aka "Pablo Nunez", "Eddie Torres", "Uncle Eddie", "Juan Delosantos", "Eddie Torre", Gervin Santos, and Jose Gabin, aka "Tito", Defendants,**

**Reinaldo Argudin, aka "Cuba",
Defendant–Appellant.**

**No. 00–1828.**

United States Court of Appeals,
Second Circuit.

Nov. 13, 2001.

Roberto Finzi, United States Attorney's Office for the Southern District of New York, New York, NY; Mary Jo White, United States Attorney, and Christine H. Chung, Assistant United States Attorney, on the brief, for appellee.

Alexie Schacht, Nalven & Schacht, Astoria, NY; Paul R. Nalven, on the brief, for appellant.

Present OAKES, CARDAMONE, and JACOBS, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** the judgment of the district court be **AFFIRMED**.

Reinaldo Argudin appeals his sentence imposed in a judgment of conviction entered on December 19, 2000, in the United States District Court for the Southern District of New York. Following a three-day jury trial, Argudin was convicted on Count One of the Indictment, charging him with conspiracy to possess with the intent to distribute five or more kilograms of cocaine, in violation of Title 21 U.S.C. §§ 846 and 841(b)(1)(A).

The Presentence Investigation Report ("PSR") stated that § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G.") applied to the offense of conviction and that because the drug quantity was between five and ten kilograms of cocaine, the offense level was 32. Given an offense level of 32 and a Criminal History Category of I, the Probation Office calculated Argudin's sentencing range to be 121 to 151 months.

Argudin interposed two objections to the PSR: (1) that he was entitled to a reduc-

tion in his offense level pursuant to U.S.S.G. § 2D1.1 because he played a minor role in the offense; and (2) that he was entitled to a downward departure based on extraordinary family circumstances. Argudin also argued that he satisfied the conditions of the "safety valve" relief set forth in U.S.S.G. § 5C1.2, so that he was not subject to the ten-year mandatory minimum term of imprisonment required by 21 U.S.C. § 841(b)(1)(A); and that he was entitled to a two-point reduction in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(6). The Government agreed that Argudin satisfied the conditions of the safety valve but objected to a role reduction or departure based on extraordinary family circumstances. At no time prior to sentencing did Argudin argue that his offense level should be reduced for acceptance of responsibility.

On December 18, 2000, at the sentencing hearing, Judge Rakoff found that Argudin was entitled to safety valve relief but not to a downward departure. The resulting guideline range was 97 to 121 months' imprisonment, and the district judge sentenced him to 97 months in prison, five years of supervised release, and a $100 special assessment fee.

Argudin argues on appeal, for the first time, that he "should have received a two-level downward adjustment based upon his acceptance of responsibility after trial, pursuant to U.S.S.G. § 3E1.1(a)." Argudin suggests that his counsel's failure to seek an adjustment for acceptance of responsibility amounted to ineffective assistance.

■ Application of a sentencing guideline to the facts of a case is reviewed for an abuse of discretion. *See United States v. Velasquez*, 136 F.3d 921, 923 (2d Cir. 1998). "[I]ssues not raised in the trial court, including sentencing issues, will be deemed waived on appeal in the absence of

'[p]lain errors or defects affecting substantial rights.' " *United States v. Keppler*, 2 F.3d 21, 23 (2d Cir.1993) (quoting Fed. R.Crim.P. 52(b)).

■ We conclude that Argudin waived his claim for acceptance of responsibility because he did not raise it in the trial court, and that on appeal he has failed to demonstrate plain error. Even if Argudin had received a two point downward adjustment for acceptance of responsibility, the resulting offense level of 28 would have yielded, given his Criminal History Category of I, a sentencing range of 78 to 97 months in prison, a range that would have included the 97 month sentence that was imposed. There was therefore no plain error. "[W]hen a defendant could have received exactly the same sentence in the absence of the alleged error, we cannot say that its occurrence affected defendant's substantial rights resulting in a manifest injustice." *Id.* at 24 (quoting *United States v. Arigbodi*, 924 F.2d 462, 464 (2d Cir.1991) (per curiam) (internal quotation marks omitted)).

To prevail on a claim of ineffective assistance of counsel, the criminal defendant must demonstrate that his counsel's conduct fell below an objective standard of reasonableness under prevailing norms, and that but for counsel's unprofessional conduct, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Nersesian*, 824 F.2d 1294, 1320–21 (2d Cir.), *cert. denied*, 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987).

■ Argudin has not satisfied the first prong. The Sixth Amendment does not require counsel "to engage in the filing of futile or frivolous motions," but rather, "only those having a solid foundation." *Nersesian*, 824 F.2d at 1322. Argudin's counsel acted reasonably. The Sentencing Guidelines do not contemplate an adjust-

ment for acceptance of responsibility in this case. U.S.S.G. § 3E1.1(a). The commentary to U.S.S.G. § 3E1.1(a) states that the adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1(a), comment (n. 2). While the commentary also provides that "[c]onviction by trial" should not "automatically" preclude application of the two-level adjustment, a defendant who puts the Government to its proof rarely qualifies for an adjustment. "In each such instance, ... a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id.*

Argudin argues that his eligibility for safety-valve relief, as well as his expressions of remorse made at the sentencing hearing, qualify him for acceptance of responsibility. We disagree. Argudin went to trial to contest his factual guilt and took no step to accept responsibility prior to trial. The proffer he made in aid of safety-value relief came after conviction, and does not necessarily demonstrate remorse, sorrow, or acceptance of responsibility. *See United States v. Castano,* 999 F.2d 615, 616–17 (2d Cir.1993) (*per curiam*) (where nothing in the record indicated that defendant had "any purpose in going to trial other than to deny his factual guilt," truthfulness at proffer session was insufficient to justify credit for acceptance of responsibility).

For the reasons set forth above, Argudin's claims that he was entitled to credit for acceptance of responsibility and that his counsel's performance was ineffective are **DENIED.**