**UNITED STATES of America,**
**Appellee,**

v.

**John BUSIELLO, also known as John Mazza, Defendant–Appellant.**

No. 03–1071.

United States Court of Appeals,
Second Circuit.

Aug. 18, 2003.

Burton T. Ryan, Assistant U.S. Attorney, U.S. Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Steven A. Feldman, Feldman & Feldman, Hauppauge, NY, for Defendant–Appellant.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Following a jury trial, John Busiello was convicted on September 18, 1995 of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C) & 846, and of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A). The district court postponed Busiello's sentencing so that he could assist various state and federal law enforcement agencies. At sentencing on January 24, 2003, the United States District Court for the Eastern District of New York (Arthur D. Spatt, *District Judge*) concluded that the base offense level was 23 and that Busiello had a criminal history category score of III. The district court imposed the following enhancements: 1) a three-level enhancement because Busiello knew that the funds were the proceeds of unlawful activity; 2) a one-level enhancement because the amount of money that was laundered exceeded $100,000; and 3) a two-level enhancement for obstruction of justice because Busiello offered the perjured testimony of John Mazza at his trial. The district court denied Busiello a two-level reduction for acceptance of responsibility. Thus, based upon Busiello's criminal history score and the adjusted offense level of 29, the district court concluded that the Sentencing Guidelines range was 108 to 135 months imprisonment. However, the government provided the court with a letter, pursuant to U.S.S.G. § 5K1.1, and the district court departed downward based upon Busiello's substantial assistance to law enforcement and imposed a sentence of 36 months imprisonment to be followed by a period of three years supervised release.

Busiello appeals the district court's decision to deny him an adjustment for acceptance of responsibility. "[T]he district court's determination of acceptance of responsibility is a factual finding that must be upheld unless it is without foundation." *United States v. Hirsch,* 239 F.3d 221, 226 (2d Cir.2001) (citations and internal quotation marks omitted). Busiello argues that the district court mistakenly believed that the adjustment for acceptance of responsibility is not available to a defendant who decides to go to trial, relying upon the district court's conclusion that "[t]here is no way that this defendant can get acceptance of responsibility when he did not enter into a plea and went to trial."

There are "rare situations" in which a defendant who is convicted following a trial can receive the adjustment for acceptance of responsibility, "such as where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." *United States v. Sewell,* 252 F.3d 647, 652 (2d Cir.2001) (quoting U.S.S.G. § 3E1.1 n. 2) (internal quotation marks omitted). Busiello argues that "a defendant who chooses to go to trial may still exhibit sufficient contrition to merit an adjustment under § 3E1.1," citing *United States v. Ochoa–Gaytan,* 265 F.3d 837 (9th Cir.2001), which held that "in appropriate circumstances the reduction [for acceptance of responsibility] is also available in cases in which the defendant manifests genuine contrition for his acts but nonetheless contests his factual guilt at trial." *Id.* at 844. The former commentary to U.S.S.G. § 3E1.1 provided that "[c]onviction by trial does not preclude a defendant from consideration under this section. A defendant may manifest sincere contrition even if he exercises his constitutional right to a trial...."

However, the amended commentary provides that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 n. 2 Accordingly, we have held that a defendant who goes to trial "to deny his factual guilt" cannot receive the adjustment for acceptance of responsibility. *United States v. Castano,* 999 F.2d 615, 617 (2d Cir.1993). Given that Busiello's defense was predicated upon denying factual guilt, the district court did not err in concluding that "this defendant" in particular was not eligible for the adjustment, absent a plea of guilty, based upon the facts of the case.

Regardless, the district court imposed a two-level enhancement for obstruction of justice, finding that Busiello had offered perjured testimony at his trial. "When the defendant has engaged in conduct resulting in an enhancement . . . for obstruction of justice, . . . that conduct ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct, and the acceptance-of-responsibility adjustment may not be given unless the circumstances are extraordinary." *United States v. Fernandez,* 127 F.3d 277, 285 (2d Cir.1997) (citations and internal quotation marks omitted). Busiello neither disputes the district court's finding nor proffers any basis upon which we would conclude that the circumstances of this case are so extraordinary as to warrant granting the adjustment in the face of this obstruction. Busiello focuses upon the substantial assistance he provided during the eight years between his conviction and sentencing, but the district court granted him a downward departure on this basis and sentenced him to only 36 months imprisonment instead of 108 to 135 months imprisonment. Busiello also argues that he sought initially to plead guilty, but the government refused to enter into a plea agreement. However, Busiello identifies nothing that would have prevented him from pleading guilty in the absence of a plea agreement.

Based upon the foregoing, we cannot conclude that the district court's decision was "without foundation." *Hirsch,* 239 F.3d at 226. Accordingly, the judgment of the United States District Court for the Eastern District of New York is affirmed.