**UNITED STATES of America,**
**Appellee,**

v.

**Yitshak LEVY, Also Known as Isaac Levy; Yosef Levy, Also Known as Yosef Levy; Defendants,**

**Asher Sudry, Isaac Jacob Sharvit, Defendant–Appellants.**

**Docket Nos. 03–1037L, 03–1325CON.**

United States Court of Appeals, Second Circuit.

Aug. 9, 2005.

Dawn M. Cardi, Dawn M. Cardi & Associates, New York, NY, for Defendant–Appellant.

Jeffrey A. Udell, Assistant United States Attorney for the Southern District of New York (Jonathan R. Streeter, Assistant United States Attorney for the Southern District of New York, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), for Appellee, of counsel.

PRESENT: WINTER, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 9th day of August, two thousand and five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant–Appellant Isaac Jacob Sharvit ("Sharvit") appeals from the judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) convicting the defendant of engaging in a conspiracy to distribute and possess with intent to distribute pills containing a detectable amount of methy-lendioxymethamphetamine ("MDMA"), commonly known as "ecstasy," in violation of 21 U.S.C. § 846 and of distributing and possessing with intent to distribute approximately 25,000 pills of MDMA in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C).

In a *per curiam* opinion dated July 30, 2004, we remanded this case for additional factfinding as to Sharvit's claim of ineffective assistance of counsel because the District Court relied significantly on the affidavit of Sharvit's counsel, Valerie Amsterdam, who, at the time of our opinion, had been indicted for making false representations to a federal judge in her professional capacity, and the District Court did not have an opportunity to examine whether Amsterdam's indictment caused her professional obligations to Sharvit to fall short of constitutional requirements.

On remand, the District Court provided Sharvit with the opportunity to obtain discovery and provide additional evidence in support of his motion for new trial. Sharvit obtained further affidavits and re-submitted his motion for new trial, reiterating his claims that Amsterdam failed to provide effective assistance of counsel because she: (1) consented to a joint trial with Asher Sudry; (2) failed to hire a forensic expert to examine certain defective tape recordings; and (3) failed to inform Sharvit of his right to testify and denied him, over his objections, the opportunity to testify.[1] The government opposed Sharvit's claims, but indicated that it would not rely, in any part, on Amsterdam's affidavit.

The District Court, after reviewing the new affidavits submitted by Sharvit in support of his motion, rejected Sharvit's motion for new trial, without an evidentiary hearing. The District Court held that Sharvit did not establish prejudice resulting from trial counsel's consent to a joint

---

1. Sharvit abandoned his original claim that

trial counsel failed to challenge the govern-

trial with Sudry, nor from counsel's failure to hire a forensic expert to examine certain defective tape recordings, nor from Amsterdam's alleged failure to inform him of his right to testify and alleged refusal of his request to testify.

The case returned to this court and, on April 12, 2005, we requested supplemental briefing. In his brief, Sharvit indicates that he does not appeal his sentence, but does appeal the denial of his motion for new trial. As to the motion, Sharvit argues that the District Court erred in (1) refusing to conduct an evidentiary hearing and (2) rejecting his claim of ineffective assistance.

■ We review a district court's denial of a motion for a new trial for abuse of discretion. *See United States v. Wong,* 78 F.3d 73, 78 (2d Cir.1996). The district court's findings of fact are reviewed "under a clearly erroneous standard, and its application of the law *de novo.*" *Gordon,* 156 F.3d at 379. Whether a defendant's representation " 'violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed *de novo.*' " *Triana v. United States,* 205 F.3d 36, 40 (2d Cir.2000) (quoting *United States v. Blau,* 159 F.3d 68, 74 (2d Cir.1998)).

We evaluate a claim of ineffective assistance of counsel under the two-part test in *Strickland v. Washington,* 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, Sharvit "must show both that his counsel's performance was deficient as measured by objective professional standards, and that this deficiency prejudiced his defense." *Purdy v. United States,* 208 F.3d 41, 44 (2d Cir. 2000); *see also Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Chang v. United States,*

250 F.3d 79, 84 (2d Cir.2001). To show prejudice, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different." *United States v. Gordon,* 156 F.3d 376, 379 (2d Cir.1998). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

We review the District Court's denial of a request for an evidentiary hearing for abuse of discretion, *see United States v. Sasso,* 59 F.3d 341, 350 (2d Cir.1995); *cf. Chang,* 250 F.3d at 82 (reviewing for abuse of discretion the denial of an evidentiary hearing on a claim of ineffective assistance of counsel brought under 28 U.S.C. § 2255), and find no abuse of discretion here. Sharvit does not point to any disputed issue of fact consequential to the District Court's determination of whether Sharvit had been prejudiced by any of the asserted events. The District Court presumed that Sharvit and his witnesses would testify as Sharvit proffered they would and concluded that even in light of such testimony, Sharvit could not establish prejudice. Furthermore, the District Court was "intimately familiar with the trial proceedings and events and circumstances surrounding them," *Chang,* 250 F.3d at 86, and the District Court found that Sharvit's evidence did not establish even a "plausible" claim of ineffective assistance of counsel, because he could not show prejudice, *see United States v. Tarricone,* 996 F.2d 1414, 1418 (2d Cir.1993).

■ As to the merits, we agree with the District Court that Sharvit failed to demonstrate prejudice regarding the fact of his joint trial with Sudry. Proof of prejudice requires a showing of a "reasonable proba-

ment's English translation of audio tape recordings, conceding that he could not demonstrate prejudice.

bility that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 698, 104 S.Ct. 2052. As the District Court found, evidence that Sudry was the individual who brought the drugs to the scene of the crime would have likely come into Sharvit's trial in any event. Moreover, the jury was cautioned that evidence of Sudry's additional Florida drug dealing and gun clip was admitted only with respect to Sudry and not to Sharvit, and courts will "normally presume that a jury will follow an instruction to disregard inadmissible evidence." *United States v. Castano,* 999 F.2d 615, 618 (2d Cir.1993). Finally, Sharvit submitted no evidence of a relationship between Sudry and Amsterdam that would affect these conclusions.

As to Sharvit's claim concerning the audiotape expert, we agree with the District Court that, even accepting that the expert would have testified that Nadav Dagan, the cooperating witness, may have selectively recorded what transpired, Sharvit could not show prejudice because Dagan's tape (GX11) was not the only recording of the conversation. Special Agent Bagley simultaneously recorded the conversation using a "Kel" transmitter and captured the relevant portions of the conversation at issue (tapes GX12A and GX12B). As to the expert's testimony concerning tapes GX12A and GX12B, we agree with the District Court that the difference in "stop signatures" on the tape was of no significance. Special Agent Bagley testified at trial that GX12A may have stopped of its own accord when it ran out of tape, whereas he manually stopped GX12B.

As to Sharvit's right to testify, we find no error in the District Court's conclusion that Sharvit failed to establish a reasonable probability that, if he had testified as he proffered in his affidavit that he would, the jury's verdict would have been different. Sharvit's testimony that he went to Pita Express on the date in question because he planned to travel with Levy and Sudry to Atlantic City is not "sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Nor is his proposed testimony as to his limited ability with English sufficient to undermine the jury verdict.

For the foregoing reasons, we find that the District Court's denial of Sharvit's motion for new trial was not an abuse of discretion. We have considered all of Sharvit's arguments and find them to be without merit.

Accordingly, the judgment of the District Court is AFFIRMED.