09-0336-cr
USA v. Elia (Elyaho)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

Present:
RALPH K. WINTER,
ROBERT A. KATZMANN,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge*.[*]

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                             No.  09-0336-cr

YEHEZKEL ELIA,

*Defendant*,

DAVID ELYAHO,

---

[*] The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellant.*

_____

For Defendant-Appellant:        JOSEPH A. VITA, Port Chester, N.Y.

For Appellee:                   SEETHA RAMACHANDRAN, Assistant United States
                                Attorney (Katherine Polk Failla, Assistant United States
                                Attorney, *on the brief*), *for* Preet Bharara, United States
                                Attorney for the Southern District of New York, New,
                                York, N.Y.


Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant David Elyaho was convicted (following a jury trial) of three counts of tax evasion in violation of 26 U.S.C. § 7201. Prior to sentencing, Elyaho objected to certain portions of the Presentence Report arguing, *inter alia*, that (1) he should receive acceptance of responsibility credit despite having put the Government to its burden at trial, and (2) the district court should exclude unpaid state tax liabilities in calculating the total tax loss attributable to his offense conduct. The district court heard oral argument on Elyaho's objections at his sentencing, after which it determined that the defendant did not qualify for acceptance of responsibility credit and that the total tax loss properly included unpaid state taxes. The district court sentenced Elyaho primarily to 15 months' imprisonment on each count to run concurrently, which was the low end of the applicable Guidelines range. On appeal, defendant argues that the district court committed reversible error by denying him credit for acceptance of responsibility and by including

2

state tax liabilities in calculating the total tax loss. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

The defendant bears the burden of demonstrating that he qualifies for an adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a); *United States v. Smith*, 174 F.3d 52, 55-56 (2d Cir. 1999). We review a district court's grant or denial of credit for acceptance of responsibility for clear error, as such a determination is primarily a factual issue. *See United States v. Sewell*, 252 F.3d 647, 652 (2d Cir. 2001). Such a factual determination is "entitled to great deference on review" and "should not be disturbed unless it is without foundation." *United States v. Taylor*, 475 F.3d 65, 68 (2d Cir. 2007) (per curiam) (internal quotation marks omitted).

A defendant who "clearly demonstrates" acceptance of responsibility for his offense is entitled to a 2-level reduction pursuant to § 3E1.1. Application Note 2 to Section 3E1.1 clarifies:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.

U.S.S.G. § 3E1.1, cmt. n.2. "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction." *Id.* In "rare situations" a defendant may demonstrate acceptance of responsibility "even though he exercises his constitutional right to a trial," as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt." *Id.*

Against this backdrop, we find that the district court plainly did not commit reversible error in denying the defendant credit for acceptance of responsibility. Elyaho clearly contested his factual guilt as to all of the charges against him and put the Government to its burden of proof. For instance, Elyaho attempted to exclude from evidence a mortgage application in which he

3

stated his income to be $180,000, which demonstrated that he had understated his income in his W-2 forms.  After the attempt to exclude failed, Elyaho refused to stipulate to the authenticity of the evidence.  Once the mortgage application was ultimately admitted, the defendant then argued that he had overstated his income to procure a "cash-out" loan.  Throughout the trial, Elyaho joined Elia's objections where the evidence implicated Elyaho and mounted an attack on the Government's cooperating witnesses to undermine their credibility.  Revealingly, Elyaho had the option of pleading to the individual tax evasion counts and go to trial only on the conspiracy count, but he instead chose to "take his chances" and go to trial on all of the counts.  Because Elyaho vigorously challenged his factual guilt as to all charges against him, the defendant clearly fails to qualify for an adjustment for acceptance of responsibility.  *See United States v. Castano*, 999 F.2d 615, 617 (2d Cir. 1993) (per curiam) ("Nothing in the record indicates that [the defendant] had any purpose in going to trial other than to deny his factual guilt.").

As to the inclusion of state tax liabilities in calculating the total tax loss attributable to Elyaho's offense conduct, we have no difficulty affirming the district court in light of *United States v. Fitzgerald*, 232 F.3d 315 (2d Cir. 2000) (per curiam), in which this Court affirmed the district court's inclusion pursuant to U.S.S.G. § 2T1.1 of state and city tax evasion as relevant conduct.  232 F.3d at 318.  We decline defendant's invitation to disturb binding precedent in the absence of any compelling reason to do so.

We have considered the defendant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK