UNITED STATES of America, Appellee,

v.

Keith D. SEWELL, Defendant–Appellant.

Docket No. 00–1604.

United States Court of Appeals, Second Circuit.

Argued Feb. 28, 2001.

Decided June 11, 2001.

Robert G. Smith, Assistant Federal Defender for the Western District of New York (Jay S. Ovsiovitch, on the brief) Rochester, NY, for Defendant–Appellant.

Everardo A. Rodriguez, Assistant United States Attorney for the Western District of New York (Denise E. O'Donnell, United States Attorney, on the brief) Rochester, NY, for Appellee.

Before: JACOBS, STRAUB, and POOLER, Circuit Judges.

POOLER, Circuit Judge:

Keith D. Sewell appeals from the August 18, 2000, judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *J.*) sentencing him principally to 156 months imprisonment after a trial jury convicted him of bank robbery in violation of 18 U.S.C. § 2113(a). Sewell avoided criminal liability in state court due to his voluntary intoxication at the time of the robbery only to find himself facing federal charges for the same incident. In federal court, however, Sewell's intoxication defense was irrelevant. This seemingly odd result is a well-tested consequence of our system of dual sovereignty. We write to clarify that the federal bank robbery statute presents a general intent crime to which voluntary intoxication is no defense.

## BACKGROUND

In the early afternoon of December 8, 1998, Sewell entered the Westview branch of Fleet Bank in suburban Rochester wearing a beige hat and sunglasses and carrying a briefcase. Once he reached a teller, Sewell opened the briefcase and displayed a hold-up note that he had written inside a day planner calendar. The teller gave Sewell $4,399 in cash, which Sewell put in the briefcase, and he walked out. Sewell left the scene in a large white car. The bank teller sounded a silent alarm, and police soon spotted Sewell in his car and gave chase. A police officer saw smoke coming from the car, indicating that its engine had blown. Sewell exited the slowing car without stopping it, and the car struck a light pole. Sewell fell to the ground, was struck by a police car, got up and attempted to flee on foot. Police quickly apprehended him and noted that Sewell acted irrationally and incoherently. According to defendant, at the time of the robbery he was under the influence of crack cocaine, which he had smoked nearly continuously since the day before in the company of his girlfriend and another friend.

State prosecutors charged Sewell in a three-count indictment with second- and third-degree robbery and third-degree grand larceny. Following a one-day bench trial, the Monroe County court acquitted Sewell of the charges on May 3, 1999. The state court found that Sewell lacked the criminal intent necessary for liability under state law due to his intoxicated state at the time of the robbery.

On July 29, 1999, a federal grand jury charged Sewell in a one-count indictment with violating 18 U.S.C. § 2113(a) based on the same incident. The court

arraigned Sewell on October 5, 1999, and law enforcement officials took him into custody. A jury trial took place from March 20 through 22, 2000, and the jury returned a guilty verdict. During the trial, the district court precluded evidence that Sewell was intoxicated on cocaine at the time of the bank robbery. The district court also refused defendant's request to instruct the jury that bank robbery is a specific intent crime and to include references to intoxication as a defense. On August 15, 2000, the district court sentenced Sewell to 156 months imprisonment, three years supervised release, $7,274.38 restitution, and $100 special assessment. Sewell appeals his conviction and sentence.

## DISCUSSION

### I. Defense of voluntary intoxication

■ Throughout the proceedings below, Sewell attempted to get before the jury evidence and instructions regarding the fact that he was high on crack cocaine at the time he committed the robbery. Judge Siragusa consistently rejected Sewell's attempts. Sewell argues on appeal that the district court deprived him of his right to present a defense when it ruled that defendant could not present evidence of his intoxication to negate the element of intent. According to defendant, even though Section 2113(a) is a general intent crime, voluntary intoxication still is relevant as a defense because it blots out some intent or knowledge that the crime requires. While we review evidentiary rulings for abuse of discretion, *see United States v. Stevens,* 83 F.3d 60, 68 (2d Cir. 1996) (per curiam), we review issues of law *de novo. See United States v. Chacko,* 169 F.3d 140, 146 (2d Cir.1999). Analysis of the intent element under Section 2113(a) is an issue of law.

■ With the exception of strict liability crimes, crimes require general intent, which ordinarily is "at least an intention to make the bodily movement which constitutes the act which the crime requires," in order for criminal liability to attach. 1 W. LaFave & A. Scott, Substantive Criminal Law, § 3.5, p. 315 (1986). In addition to general intent, some crimes require specific intent, which is "a special mental element" particular to the crime with which defendant is charged. *Id.* For example, common law larceny requires not only the general mental state for the act of "taking and carrying away the property of another" but also the specific mental state that defendant possessed an "intent to steal the property." *Id.* (quotation marks omitted).

■ The Supreme Court recently held that the statute under which the government charged Sewell—Section 2113(a)—is a general intent crime and requires proof "that the defendant possessed knowledge with respect to the actus reus of the crime." *Carter v. United States,* 530 U.S. 255, 268, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000). The Court held that the general intent requirement adequately separated wrongful conduct from otherwise innocent conduct, such as "the hypothetical person who engages in forceful taking of money while sleepwalking." *Id.* at 269, 120 S.Ct. 2159. Although we have not explicitly so held, a number of our sister circuits have ruled that voluntary intoxication is not a defense to a general intent crime. *See United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1196 (9th Cir.2000) (en banc); *United States v. Oakie,* 12 F.3d 1436, 1442 (8th Cir.1993); *United States v. Fazzini,* 871 F.2d 635, 641 (7th Cir.1989); *United States v. Lewis,* 780 F.2d 1140, 1143 (4th Cir.1986). In a different context, we have held that voluntary intoxication is a defense to the specific intent crimes of attempted sexual abuse and attempted aggravated sexual abuse. *See United States*

*v. Crowley.* 236 F.3d 104, 111 (2d Cir.2000). We now hold that voluntary intoxication does not negate the intent element of a crime of general intent such as Section 2113(a) robbery. The district court therefore properly excluded evidence and declined to give instructions relating to the fact of Sewell's voluntary intoxication.

## II. Other issues on appeal

### A. Double jeopardy

 Sewell contends that we must vacate and dismiss his conviction because the federal prosecution duplicated the state prosecution and violated his fundamental Fifth Amendment right to be free of double jeopardy. According to defendant, both crimes require proof of the same elements, and his individual right to be free of successive prosecutions supersedes the dual sovereignty doctrine. Sewell claims that the allegations in the state and federal charging instruments were identical, further supporting his double jeopardy argument. Review of this legal challenge is *de novo. See Chacko,* 169 F.3d at 146.

 According to the principle of dual sovereignty, "a defendant in a criminal case may be prosecuted by more than one sovereign without violating principles of double jeopardy." *United States v. Arena,* 180 F.3d 380, 399 (2d Cir.1999), *cert. denied,* 531 U.S. 811, 121 S.Ct. 33, 148 L.Ed.2d 13 (2000). The doctrine is "founded on the common law conception of crime as an offense against the sovereignty of the government" and allows that a defendant's single act may break the laws of two sovereigns and constitute two offenses. *Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). The "crucial determination" for application of the dual sovereignty doctrine "is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns." *Id.* On this point, it is well established that "the federal government may prosecute a defendant following a state prosecution arising out of the same events." *Arena,* 180 F.3d at 399; *see also Heath,* 474 U.S. at 89, 106 S.Ct. 433. Although Judge Calabresi invited the Supreme Court to re-examine the doctrine in light of increased instances of federal and state successive prosecutions, the doctrine remains viable. *See United States v. All Assets of G.P.S. Auto. Corp.,* 66 F.3d 483, 497–99 (2d Cir.1995) (Calabresi, *J.,* concurring).

 Sewell's double jeopardy challenge is without merit because his successive prosecutions involved separate sovereigns—New York State and the United States. It is immaterial that the proceedings stemmed from the same events and that the state prosecution ended in acquittal while the federal prosecution ended in conviction. *See Arena,* 180 F.3d at 399 (holding that a "federal prosecutor may, in deciding whether to pursue a subsequent prosecution, take into consideration what he deems an 'inadequate result' obtained in the state trial"). Sewell's invitation to compare the state and federal charging instruments and the elements of the state and federal crimes is misplaced. The case upon which Sewell relies for this point involved one sovereign charging two crimes based on the same set of facts, not dual sovereignty. *See United States v. Liller,* 999 F.2d 61, 62 (2d Cir.1993). Furthermore, there is a distinction between state and federal law regarding required intent. Under New York state law, voluntary intoxication can rise to a level sufficient to negate the element of intent for the crime of robbery. *See People v. Perry,* 61 N.Y.2d 849, 473 N.Y.S.2d 966, 966–67, 462 N.E.2d 143 (1984); *see also People v. Koerber,* 244 N.Y. 147, 152, 155 N.E. 79 (1926). As noted above, this is not the case under federal law. The district court

properly dismissed Sewell's double jeopardy challenge.

## B. Sentence

Finally, Sewell makes two challenges to his sentence. First, defendant argues that Judge Siragusa committed clear error when he denied defendant a two-level reduction for acceptance of responsibility. Next, defendant contends that the district court abused its discretion in denying his request for a downward departure based on successive prosecutions.

In the context of reviewing a ruling regarding acceptance of responsibility, we "must accept the district court's fact findings unless they are clearly erroneous" and lend great deference to its decision. *United States v. Remini,* 967 F.2d 754, 761 (2d Cir.1992). The two-level reduction at Sentencing Guidelines Section 3E1.1 normally is not intended for a defendant "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, comment. (n.2). However, in "rare situations" such as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," a defendant may be entitled to the reduction. *Id.*

Sewell argues that his case presents one of these rare situations because he went to trial to challenge the applicability of the federal statute to his conduct. Specifically, Sewell contends that the statute did not apply because he did not possess the required mental state and he went to trial solely to preserve a legal challenge to the district court's pre-trial exclusion of evidence regarding his intoxication. Both of these arguments concern Sewell's denial of an essential factual element of guilt by contending that he was too high on crack cocaine to form the necessary criminal intent, and there is some controversy whether the sentencing reduction is available in these circumstances. *See United States v. Paredes–Batista,* 140 F.3d 367, 381 (2d Cir.1998) (upholding denial of Section 3E1.1 reduction based in part on defendant's defense that he lacked specific intent). *But see United States v. Gauvin,* 173 F.3d 798, 806 (10th Cir.), *cert. denied,* 528 U.S. 906, 120 S.Ct. 250, 145 L.Ed.2d 210 (1999) (upholding application of Section 3E1.1 reduction where defendant "contended that his drunkenness rendered him incapable of forming the requisite mens rea" and thus essentially challenged the applicability of statute to his conduct); *United States v. Big Crow,* 898 F.2d 1326, 1330 (8th Cir.1990) (same).

We need not resolve this issue, however, because the district court based its decision on its factual conclusion that Sewell was not "totally candid" about the circumstances of the crime and his responsibility for his actions. Judge Siragusa noted that Sewell engaged in a series of acts during the robbery, such as wearing a disguise and attempting to evade police, that indicated that he knew "what was going on." Quite apart from Sewell's argument that he was too intoxicated to know what he was doing during the robbery, Sewell contested the evidence that he actually did it. During his cross-examination of the victim teller, he highlighted inconsistencies in her descriptions of the holdup note and of the hat he was wearing. He elicited from a police officer the fact that the government had failed to obtain fingerprint evidence. During closing arguments, he accused the victim teller and a witness teller of being interested witnesses who had reason to lie. Finally, he specifically disputed that his actions satisfied the statutory element of intimidation, which again is apart from the issue of whether he had knowledge of his intimidating actions at the time of the robbery. We accordingly see no clear error

in the district court's decision not to grant the Section 3E1.1 sentencing reduction.

■ Finally, Sewell argues that Judge Siragusa erred when he declined to grant a downward departure based on successive prosecutions pursuant to *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). However, the district court's departure decision is not appealable unless the district court misapplied the Sentencing Guidelines, misapprehended its authority, or imposed an illegal sentence. *See United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (per curiam). According to the sentencing transcript, Judge Siragusa made no error in interpreting the applicable guidelines and understood his authority to depart. The district court merely found that the facts of this case did not support the departure upheld in *Koon.* Defendant's factual arguments regarding the hardships that the federal prosecution imposed on him therefore are unavailing.

## CONCLUSION

For the forgoing reasons, we affirm the judgment of the district court.