**UNITED STATES of America,**
**Appellee,**

v.

**Hugh R. JACKSON, Defendant–**
**Appellant.**

**Docket No. 01–1441.**

United States Court of Appeals,
Second Circuit.

April 1, 2002.

Glenn E. Murray, Buffalo, NY, for Appellant.

Gregory L. Brown, Ass't U.S. Att'y, WDNY, Buffalo, NY, for Appellee.

Present Honorable AMALYA L. KEARSE and Honorable DENNIS JACOBS, Circuit Judges, Honorable BARBARA S. JONES, District Judge *.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Hugh Jackson appeals from a judgment entered in the United States District Court for the Western District of New York following a jury trial before Richard J. Arcara, *Judge,* convicting him of bank robbery, in violation of 18 U.S.C. § 2113(a), and sentencing him principally to 225 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Jackson contends principally that the district court erred in (1) refusing to dismiss the indictment following the declaration of a mistrial, (2) denying his challenges of certain jurors for cause, and (3) rejecting his request for a

jury instruction on willfulness. Finding no merit in his contentions, we affirm.

■ A defendant's right to the dismissal of an indictment on double jeopardy grounds, following a mistrial on his own motion, generally depends on whether the prosecutor intentionally provoked the mistrial. *See, e.g., Oregon v. Kennedy,* 456 U.S. 667, 675–76, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (defendant's right to be free from double jeopardy is violated when prosecutor seeks to conduct a new trial after "inten[tionally] 'goad[ing]' the defendant into moving for a mistrial"); *United States v. Pavloyianis,* 996 F.2d 1467, 1473 (2d Cir.1993). The trial court's factual finding that the government did not intentionally provoke a mistrial "will not be reversed unless clearly erroneous." *United States v. Millan,* 17 F.3d 14, 18 (2d Cir.1994).

In the present case, the court declared a mistrial when an FBI agent testified that, in his attempt at postarrest questioning of Jackson, Jackson invoked his Fifth Amendment right to remain silent. Although the court found that the reference to Jackson's invocation of this privilege was "an absolute inexcusable error" (Transcript of First Trial, March 29, 2001 ("First Tr."), at 42), it denied Jackson's motion for dismissal of the indictment because the court did not "believe that the government was acting in bad faith or that it intended to goad the defense into seeking a mistrial," Decision and Order dated April 19, 2001, at 4–5, finding that "the error was inadvertent and, at most, ... negligent," *id.* at 5. The record supports this finding. The question posed by the Assistant United States Attorney ("AUSA") did not call for the impermissible response given by the agent. The

---

* Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

agent had testified that upon learning that a suspect in the robbery had been arrested, he went to the police barracks, saw Jackson in handcuffs, and saw red-dye-stained money that he was told had been found on Jackson's person. After having the agent point out Jackson in the courtroom, the AUSA asked a general question: "What, if anything else, did you do at the state barracks on that date?" (First Tr. at 38.) This question did not call for a description of conduct or statements by Jackson. And while the AUSA may have been neglectful in his pretrial preparation of the agent, in failing to warn that it was impermissible to refer to Jackson's exercise of his privilege against self-incrimination, the record provides no reason to suspect that the infraction was deliberate. The agent was the government's first witness, he was barely 10 minutes into his testimony, and there was no indication whatever that the trial was going poorly for the government. In the circumstances, we see no error in the court's finding that the government did not cause the mistrial intentionally, and we reject Jackson's contention that the court could not make that finding without taking testimony from the AUSA and the agent.

■ Nor is there merit in Jackson's contention that he is entitled to a new trial on the ground that the district court should have upheld his challenges to certain jurors for cause. A defendant whose challenge to a given juror for cause is rejected by the trial court may use a peremptory challenge, if he has any available, to excuse that juror. If he does so, the court's rejection of his challenge for cause, even if erroneous, provides no basis for reversal unless the jury that was eventually seated was biased. *See, e.g., United States v. Rubin*, 37 F.3d 49, 54 (2d Cir. 1994); *United States v. Towne*, 870 F.2d 880, 885 (2d Cir.), *cert. denied*, 490 U.S. 1101, 109 S.Ct. 2456, 104 L.Ed.2d 1010

(1989). In the present case, Jackson used peremptory challenges to remove the two jurors he believed should have been excused for cause, and he candidly admits that he cannot say that the jury that heard his case was biased. Accordingly, even if the court should have upheld his challenges for cause, the error provides no ground for a new trial.

■ Finally, Jackson, whose defense was principally that he was drunk when he robbed the bank, contends that he is entitled to a new trial on the ground that, because the indictment alleged that he robbed the bank "willfully," the court's failure to instruct the jury on willfulness constituted either a constructive amendment of the indictment or an impermissible variance. *See generally United States v. Frank*, 156 F.3d 332, 337, 338 n. 5 (2d Cir.1998) (per curiam) (a "constructive amendment," *i.e.*, an instruction "so alter[ing] an essential element" of the indictment that it becomes "uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment," entitles a defendant to a new trial), *cert. denied*, 526 U.S. 1020, 119 S.Ct. 1257, 143 L.Ed.2d 353 (1999); *United States v. Wallace*, 59 F.3d 333, 338 (2d Cir.1995) (a "variance," which occurs when "the charging terms are unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment," entitles a defendant to a new trial if he was prejudiced, in that he was not "given notice of the core of criminality to be proven at trial" (internal quotation marks omitted)). We see here neither a constructive amendment nor a variance.

Section 2113(a) provides in pertinent part that it is unlawful for any person "by force and violence, or by intimidation, [to] take[ ] or attempt[ ] to take ... any property or money or any other thing of value belonging to, or in the care, custody,

control, management, or possession of, any bank" or to "enter[ ] or attempt[ ] to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank." 18 U.S.C. § 2113(a). This section does not use the word willfully or any equivalent word; it thus sets out a general-intent crime rather than a specific-intent crime. *See, e.g., Carter v. United States,* 530 U.S. 255, 268, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000); *United States v. Sewell,* 252 F.3d 647, 649 (2d Cir.) ("the federal bank robbery statute presents a general intent crime to which voluntary intoxication is no defense"), *cert. denied,* —— U.S. ——, 122 S.Ct. 382, 151 L.Ed.2d 291 (2001). Accordingly, in the indictment, which alleged that Jackson's robbery violated § 2113(a) and was willful, the willfulness allegation was superfluous. The court's refusal to instruct the jury on willfulness was not a constructive amendment of the indictment, since Jackson clearly was not convicted of an offense other than the § 2113(a) offense charged in the indictment. Nor was there an impermissible variance, for the proof at trial did not differ from the factual elements of the § 2113(a) offense charged in the indictment; the "core of criminality" alleged in the indictment was proven at trial.

The government of course, when it includes a superfluous factual allegation in a proposed indictment whose language is adopted by the grand jury, runs the risk that the trial court will mistakenly tell the jury that it must find that additional fact in order to convict, and that the jury will fail to find that fact and will acquit. Here, however, the trial court, while instructing the jury that it must find that Jackson was aware that he was robbing a bank, properly recognized that willfulness is not an element of the crime. It was not error for the court to refuse to tell the jury that it could not convict Jackson of violating § 2113(a) without finding willfulness.

We have considered all of Jackson's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.