**UNITED STATES of America,
Appellee,**

v.

**Rudy LAVANTURE, a/k/a "Jean
Lavanture," Defendant–
Appellant.**

No. 03–1296.

United States Court of Appeals,
Second Circuit.

June 17, 2004.

Richard D. Willstatter, Green & Willstatter, White Plains, New York, for Appellant.

Lisa P. Korologos, Assistant United States Attorney, (Laura Grossfield Birger, Assistant United States Attorney, on the brief) for David N. Kelley, United States Attorney, Southern District of New York, New York, New York, for Appellee.

Present: OAKES, RAGGI, Circuit Judges, and HOLWELL,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Rudy Lavanture, who was convicted after a jury trial on a misdemeanor charge of misusing the name of the United States Department of Housing and Urban Development ("HUD"), *see* 18 U.S.C. § 709, now appeals from the judgment of conviction sentencing him to twelve months' imprisonment, with six

months to be served concurrently and six months to be served consecutively to undischarged state terms of imprisonment, $80,225 restitution, and a one-year term of supervised release. Although represented by counsel, Lavanture has supplemented his attorneys' briefs with *pro se* submissions. We assume familiarity with the record and proceedings before the district court and hereby affirm the judgment.

1. *Double Jeopardy/Vindictive Prosecution*

■ Lavanture contends that, because he pleaded guilty to New York State fraud and larceny charges arising from the same course of conduct at issue in his § 709 prosecution, both the Double Jeopardy Clause and the due process proscription against vindictive prosecution obligated the district court to dismiss the federal misdemeanor information against him. He is wrong.

Double jeopardy does not bar successive prosecutions brought by separate sovereigns, *see Heath v. Alabama,* 474 U.S. 82, 88–89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); *accord United States v. Sewell,* 252 F.3d 647, 651 (2d Cir.2001); *see also United States v. Lara,* —— U.S. ——, —— – ——, 124 S.Ct. 1628, 1631–32, 158 L.Ed.2d 420 (2004), unless the second prosecuting authority served as a "tool" of, or "cover" for, the first, *Bartkus v. Illinois,* 359 U.S. 121, 123–24, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *see also United States v. Arena,* 180 F.3d 380, 399 (2d Cir.1999) (noting inapplicability of dual sovereignty principle "if one of the sovereigns effectively controlled the other, and the subsequent prosecution was merely a sham, masking a second prosecution by the sovereign that pursued the first prosecution"). The same principle applies to vindictive prosecution claims. *See United States v. Ng,* 699 F.2d 63, 68 (2d Cir.1983) ("[T]he fact that the prosecutions ... are by two different sovereigns, each acting independently under its own laws and in its own interest without any control of or by the other, renders inapplicable the concept of prosecutorial vindictiveness."). Lavanture submits that his case fits within the *Bartkus* exception because federal authorities, after initially deferring to the state prosecution, pursued a § 709 charge only because his state plea agreement resulted in a more lenient sentence than federal authorities had anticipated. The argument is unsupported by either the facts or the law.

As to the first, Lavanture has confused the chronology. The federal information against him was filed on February 21, 2002, almost two months before, not after, his state guilty plea and sentence. The information Lavanture describes as filed in February 2003 was actually a superseding information that charged the same § 709 offense but narrowed its time frame. In any event, even if Lavanture were right in claiming that federal authorities commenced his § 709 prosecution only after being dissatisfied with the disposition in his state case, that allegation, on its face, demonstrates the independence of the two prosecuting authorities, not the control required to trigger the *Bartkus* exception. *See United States v. All Assets of G.P.S. Automotive Corp.,* 66 F.3d 483, 495 (2d Cir.1995) (recognizing *Bartkus* exception to apply only in "an extraordinary type of case, perhaps only when one sovereign has essentially manipulated another sovereign into prosecuting" (internal quotation marks omitted)).

Further, the law in this circuit is clear that prosecutors do not offend either double jeopardy or due process when they pursue a federal prosecution based on an assessment that an " 'inadequate result' " was obtained in a related state proceeding. *United States v. Arena,* 180 F.3d at 399

(quoting *United States v. Ng,* 699 F.2d at 68). Indeed, we have ruled that the "leniency of the sentence[ ]" imposed by the state court is "a permissible consideration in the assessment of whether the federal interests ha[ve] been vindicated." *Id.* at 400.

In sum, because the record plainly shows that federal authorities were not controlled by their state counterparts in pursuing Lavanture's § 709 prosecution, we reject his double jeopardy/vindictive prosecution claim as without merit.

### 2. *Speedy Trial*

■ Lavanture contends that the delay in the commencement of his trial violated both his constitutional and statutory rights to a speedy trial. *See* U.S. Const. amend. VI; 18 U.S.C. § 3161 *et seq.* Neither claim has merit.

Four factors are relevant to assessing a constitutional speedy trial claim: (1) the length of the delay, (2) the reasons for the delay, (3) defendant's assertion of his right to a speedy trial, and (4) any ensuing prejudice. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Even if we were to resolve the first and third factors in Lavanture's favor, the remaining factors so clearly weigh against him as to defeat his constitutional challenge. The record shows that the reasons for the ten-month delay between information and trial are all attributable to Lavanture, specifically, to various motions filed by the defense and to adjournments required to allow multiple new defense counsel to familiarize themselves with the case and prepare for trial. The district court handled these requests reasonably, and Lavanture was not prejudiced by the pre-trial delay.

■ Lavanture's statutory claim merits even less discussion. Preliminarily, we observe that Lavanture waived his statutory claim by failing to move for dismissal of the information prior to trial as required by 18 U.S.C. § 3162(a)(2). *See United States v. Gambino,* 59 F.3d 353, 360 (2d Cir.1995). In any event, once we subtract from the ten-month period the time properly excluded from consideration pursuant to 18 U.S.C. § 3161(h)(1)(F) and (h)(8)(A), it appears that Lavanture's trial was commenced within the seventy days required by the Act, *see id.* at § 3161(c)(1).

### 3. *Sufficiency of the Evidence*

■ Lavanture argues that his conviction should be reversed because the trial evidence showed that he was affiliated with HUD and authorized to conduct HUD business. Essentially, this is a challenge to the sufficiency of the evidence on which Lavanture bears a heavy burden because we must affirm if the evidence, when viewed in its totality and in the light most favorable to the government, *see United States v. LaSpina,* 299 F.3d 165, 180 (2d Cir.2002), would permit any rational jury to have found the essential elements of the crime beyond a reasonable doubt, *see United States v. Gaskin,* 364 F.3d 438, 459–60 (2d Cir.2004).

Applying these principles to this case, it is plain that Lavanture's affiliation with HUD did not preclude a rational jury from finding him guilty of violating § 709. The evidence overwhelmingly demonstrated that Lavanture did not accurately represent his agency connections to his various fraud victims; rather, he deliberately exaggerated them to create a false impression of agency authority that he did not have, conduct plainly proscribed by § 709. This was proved not only through evidence from HUD officials but also by Lavanture's own sworn admissions in various court proceedings.

Accordingly, Lavanture's sufficiency challenge is without merit.

#### 4. Consecutive Sentence

█ Lavanture contends that the district court erred by imposing part of his sentence consecutively to undischarged sentences as permitted by U.S.S.G. § 5G1.3(c) (1998), rather than imposing the whole sentence concurrently as required by § 5G1.3(b). Lavanture submits that subsection (b) applies to his case because the state court conviction was "fully taken into account" in calculating his federal sentencing range. U.S.S.G. § 5G1.3(b). Whether the district court applied the correct guideline is a question of law we review *de novo. See, e.g., United States v. Genao*, 343 F.3d 578, 583 (2d Cir.2003). Because Lavanture did not raise this argument below, however, our review is limited to plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Whab*, 355 F.3d 155, 158 (2d Cir.2004); *see also United States v. Rouse*, 362 F.3d 256, 260 (4th Cir.2004) (reviewing claim that district court required by § 5G1.3(b) to impose concurrent sentence for plain error). We find no such error in this case.

"[T]o trigger the application of § 5G1.3(b), an offense other than the one for which a defendant is being sentenced (a 'separate offense') must not only (1) be taken into account 'in the determination of the offense level for the instant offense [of conviction],' but it must also (2) be *'fully* taken into account' in that determination." *United States v. Garcia–Hernandez*, 237 F.3d 105, 108 (2d Cir.2000) (quoting U.S.S.G. § 5G1.3(b)). For a separate offense to be "fully taken into account" by the sentencing court, the separate offense must have been in some way considered in determining the offense level. *See id.* at 108–09; *see also United States v. Williams,* 260 F.3d 160, 167 (2d Cir. 2001)("[T]he prior offense must have been actually accounted for by the district court in calculating the defendant's offense level."). That is not this case.

Lavanture's pre-sentence report specifically states that the full loss amount involved in his state crimes—in excess of $1,000,000—is "not being considered" in the calculation of his offense level. *See* PSR ¶ 11. Instead, intended loss was limited to $117,100, the amount swindled from the two victims who testified at Lavanture's federal trial. *See id.* at ¶ 18. Because even that loss amount, together with other factors, triggered a guideline range far in excess of the statutory maximum for § 709 violations, Lavanture argues that there was no practical difference between an offense level calculation that considered the full $1,000,000 loss and one that was limited to $117,100. In either case, he claims, the district court could only sentence Lavanture to one year incarceration.

The argument misses the point of U.S.S.G. § 5G1.3(b) and our holding in *Garcia–Hernandez.* The purpose of § 5G1.3(b) is to prevent "double-counting" of the same conduct in two separate sentences. *United States v. Garcia–Hernandez*, 237 F.3d at 109; *see also Witte v. United States*, 515 U.S. 389, 405, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). Plainly, if the conduct at issue in the state case cannot play any role in determining a federal sentence because a statutory maximum has already been reached, there is no risk of double-counting. As we explained in *Garcia–Hernandez*, "we treat a prior offense as 'fully taken into account' if and only if the Guidelines provide for sentencing as if both the offense of conviction and the separate offense 'had been prosecuted in a single proceeding.'" 237 F.3d at 109 (quoting *Witte v. United States*, 515 U.S. at 405, 115 S.Ct. 2199). Had Lavanture's state and federal crimes been part of a single sentencing proceeding, his guideline range would not only have been calculated with reference to the full $1,000,000 loss involved in the state fraud; the court would not have been limited to a one-year

maximum sentence. Rather, it could have imposed consecutive sentences to bring Lavanture's case within the applicable guideline range. *See* § 5G1.2(d); *United States v. Blount*, 291 F.3d 201, 213 (2d Cir.2002). Precisely because it could not do that in this case, the district court correctly concluded that U.S.S.G. § 5G1.3(c) rather than § 5G1.3(b) applied.

In sum, the district court's order that part of Lavanture's sentence run consecutively to his undischarged state sentence was not error, let alone plain error.

### 5. *Ineffective Assistance of Counsel*

Lavanture argues that his trial counsel was constitutionally ineffective in failing to argue that (1) Lavanture did not violate 18 U.S.C. § 709 because of his HUD affiliation; (2) Lavanture's speedy trial rights were violated by periods of pre-trial delay; and (3) a concurrent sentence was mandatory pursuant to U.S.S.G. § 5G1.3(b).

Mindful of the Supreme Court's recent admonition in *Massaro v. United States*, that ineffectiveness challenges are generally better heard under 28 U.S.C. § 2255 rather than on direct appeal, *see* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), we are generally disinclined to resolve such claims directly unless "the factual record is fully developed and resolution of the Sixth Amendment claim ... is 'beyond any doubt' or 'in the interest of justice,'" *United States v. Gaskin*, 364 F.3d at 467–68 (quoting *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.2003) (internal quotation marks omitted)). This is such a case.

To secure reversal on the ground of ineffective assistance, a defendant bears the heavy burden of showing both (1) that counsel's performance was so unreasonable under prevailing professional norms that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland v. Washington*,

466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) that counsel's ineffectiveness prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. *Accord United States v. Gaskin*, 364 F.3d at 468 (and cases cited therein). Lavanture cannot satisfy this stern test. Specifically, he cannot show that he was prejudiced by counsel's purported omissions because, for reasons already stated, we find that each of the omitted arguments is without merit.

In sum, because we find all Lavanture's points on appeal to be without merit, the district court's May 16, 2003 judgment of conviction is hereby AFFIRMED.