12-5006
United States v. Faison

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fourteen.

PRESENT:
> **PIERRE N. LEVAL,**
> **GUIDO CALABRESI ,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

_____

United States of America,

        *Appellee*,

       v.                       12-5006

Timothy Faison,

        *Defendant-Appellant*.

_____

**FOR APPELLEE:**                Emily Berger, Julia Nestor, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**    Timothy Faison, *pro se*, Bruceton Mills, WV.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Following a jury trial at which he represented himself, appellant Timothy Faison was convicted of possessing 28 grams or more of cocaine base with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii); distributing 28 grams or more of cocaine base, §§ 841(a)(1), 841(b)(1)(B)(iii); and two counts of distributing cocaine base, §§ 841(a)(1), 841(b)(1)(C). His conviction arose out of three events: (1) his March 2, 2010 sale of crack cocaine to an informant working with the Glen Cove Police Department ("GCPD"); (2) his March 10, 2010 sale of crack to that same GCPD informant; and (3) his June 15, 2010 sale of crack to an informant working with the Drug Enforcement Agency. He was arrested by the GCPD in June 2010, but was not tried in state court; he was subsequently placed under federal arrest while in state custody. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

    1. Faison's Indictment

On appeal, Faison renews three challenges to the indictment, none of which has merit. First, Faison was not, as he contends, arrested pursuant to a fraudulent warrant. As the district court noted, the federal authorities who arrested Faison at the Nassau County Correctional Center had probable cause to take him into custody on federal charges, and did not need a warrant to do so. United States v. Watson, 423 U.S. 411, 418 (1976) (holding that where there is

probable cause to believe a suspect has committed a felony, that suspect may be arrested without a warrant).

Second, the Double Jeopardy Clause did not bar Faison's prosecution in federal court. The Double Jeopardy Clause does not prohibit sequential prosecutions by different sovereigns, so a prior state prosecution would not bar a later federal prosecution based on the same events. United States v. Sewell, 252 F.3d 647, 651 (2d Cir. 2001). "An exception to the dual sovereignty doctrine does exist for cases in which one of the sovereigns effectively controlled the other, and the subsequent prosecution was merely a sham . . . ." United States v. Nelson, 277 F.3d 164, 212 (2d Cir. 2002) (internal quotation marks omitted). But this was not such a case; as the district court found, far from being a case in which the state investigation or prosecution was directed by federal authorities, neither the federal nor state authorities even knew of each other's activities until after Faison was arrested. Moreover, even if both charges had been brought by the same sovereign, there would be no double jeopardy violation, because jeopardy never attached in Faison's state case. The Double Jeopardy Clause "does not come into play until a proceeding begins before a trier" of fact. Serfass v. United States, 420 U.S. 377, 391 (1975). Faison was never even indicted on the state charges.

Third, the government indicted Faison well within the time limits set by the Speedy Trial Act. In general, only a federal arrest starts the thirty-day clock for prosecutors to file an indictment. "[A] defendant does not become an 'accused' for Speedy Trial Act purposes until he is under Federal arrest." United States v. Lai Ming Tanu, 589 F.2d 82, 88 (2d Cir. 1978). Although collusion between state and federal authorities can create an exception to this rule, here, as in United States v. Jones, 129 F.3d 718, 723-24 (2d Cir. 1997) (per curiam), there was no evidence of a "ruse" to circumvent the Speedy Trial Act.

3

II. Trial Issues

Faison also challenges several of the district court's trial rulings. We assume without deciding that all of these challenges, many of which were raised in post-trial motions, were properly preserved.

First, Faison argues that the district court improperly admitted testimony regarding his conduct and statements leading up to the June 15, 2010 drug sale. We find no error, much less an abuse of discretion, in the district court's evidentiary rulings. See United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009), and find none here. All of the challenged testimony was admissible as evidence that "arose out of the same transaction or series of transactions as the charged offense[,] . . . [was] inextricably intertwined with the evidence regarding the charged offense[,] . . . [or was] . . . necessary to complete the story of the crime on trial." United States v. Kaiser, 609 F.3d 556, 570 (2d Cir. 2010) (citations and quotation marks omitted). In particular, statements about the price of cocaine from meetings in the spring of 2010 attest to Faison's intent to buy and sell the drug, and conversations in early June demonstrate that Faison sought and found a willing buyer for his drugs. Moreover, the district court allowed testimony relating to heroin only after Faison himself opened the door to such evidence.

Second, Faison argues that several prosecution witnesses committed perjury. "Reversal of a conviction based upon allegations of perjured testimony should be granted only with great caution and in the most extraordinary circumstances." United States v. Zichettello, 208 F.3d 72, 102 (2d Cir. 2000) (citations and quotation marks omitted). Faison has not established that any witness willfully misled the jury.[1] Id. Faison merely highlights various inconsistencies in the

---

[1] In particular, there is no reason to believe that chemist James DiSarno lied about examining the cocaine amount charged in Count 2. After conducting a post-trial evidentiary hearing, the district court found that Special Agent Scott Knox had merely misspoken in an email about his investigation. Faison does not identify any reason to question the district court's conclusion, nor does the record suggest one.

4

testimony, which were or could have been brought to the jury's attention on cross-examination. Whether such inconsistencies indicated deliberate deception, or otherwise undermined the witnesses' credibility, was for the jury to decide.

Third, Faison challenges certain references to allegedly inadmissible evidence made by the prosecutor during her opening and summation. But prosecutorial misconduct requires a new trial only if "the conduct substantially prejudiced the appellants so as to deny them a fair trial." United States v. Russo, 74 F.3d 1383, 1396 (2d Cir. 1996). We see no prosecutorial misconduct, but even if the prosecutor's statements had been improper, they would not justify vacating the conviction, as the district court cured any misunderstanding through its instructions to the jury.

Fourth, Faison attacks testimony from scientists at the Nassau Crime Lab as untrustworthy given sub-standard testing practices at the lab. As the district court noted, any deficiency in the lab's testing processes could not have affected the case. The purchased drugs were tested by a federal chemist who testified at trial that they were indeed cocaine, rather than some other compound; the Nassau County technicians did not test the drugs, and testified about their handling of the drugs only to prove chain of custody. To be sure, since the time of trial, a special commission's report has suggested lax evidence-handling procedures at the Nassau Crime Lab. But the unavailability of this report did not prejudice Faison. As the district court noted, the lab's problems were well known at the time of Faison's trial, and Faison cross-examined state lab officials about the possibility that the evidence in his case had been confused with evidence from another case. What's more, because the report post-dated the trial, it was not evidence that could have been discovered earlier and used to discredit the witnesses.

Finally, Faison disputes the sufficiency of the evidence on each count.  But the evidence of Faison's guilt, including testimony from several informants and video and audio evidence of the charged transactions, was overwhelming.

We have considered all of Faison's remaining arguments and find them to be without merit.  Accordingly we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk