14-0203-cr
United States v. Cook et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

PRESENT: RALPH K. WINTER,
         JOHN M. WALKER, JR.,
         DENNIS JACOBS,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    14-0203

MARCEL MALACHOWSKI,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              ROBIN C. SMITH, LAW OFFICE OF
                            ROBIN C. SMITH, San Rafael,
                            California.

FOR APPELLEE:               PAUL D. SILVER (with Jeffrey C.
                            Coffman on the brief) for
                            Richard S. Hartunian, United
                            States Attorney for the Northern

1

District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Marcel Malachowski appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, J.), sentencing him to 178 months of imprisonment to run concurrently with the 78-month prison sentence imposed for separate offenses.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Malachowski was prosecuted for his role in a continuing criminal enterprise that smuggled and subsequently distributed thousands of kilograms of marijuana into the United States from Canada.  A. 87.  He entered a plea of guilty to each count of the indictment.  A. 88-105.  On appeal, Malachowski challenges the district court's denial of his motion to withdraw his guilty plea on the ground of procedural defects.  We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion.  United States v. Carreto, 583 F.3d 152, 157 (2d Cir. 2009).

Malachowski first contends that because he was inadequately advised that count three (continuing criminal enterprise) carried a mandatory minimum sentence of 20 years of imprisonment, his plea was involuntary.  At the plea colloquy, the district court explicitly asked the prosecutor to advise Malachowski "what the maximum or any minimum penalty would be for the count involved."  A. 110.  In response, the prosecutor informed Malachowski that for "[c]ount [t]hree, the continuing criminal enterprise, the maximum term of imprisonment is a mandatory 20 years, up to

---

[1] Malachowski separately appealed the sentence imposed based on his gun-related offenses and oral argument with respect to this appeal, United States v. Malachowski, No. 13-0443, was heard in tandem with the present case.

life."  A. 110-11.  Malachowski argues that because the prosecutor did not explicitly use the word "minimum," his plea was neither knowing nor voluntary.  Since Malachowski did not raise this particular objection in the district court, the plain error standard applies to his claim.  See United States v. Youngs, 687 F.3d 56, 59 (2d Cir. 2012) ("Rule 11 violations that are not objected to at the time of the plea are subject to plain error review . . . .").  And "to show that a Rule 11 violation was plain error, the defendant must demonstrate that there is a reasonable probability that, but for the error, he would not have entered the plea."  Id. (internal quotation marks omitted).

Malachowski's contention is without merit.  In the context of the prosecutor's statement, "mandatory" clearly modifies "20 years," especially considering that the prosecutor was being asked to advise Malachowski as to the minimum and maximum penalties for count three.  See United States v. Cook, 722 F.3d 477, 482 (2d Cir. 2013) (noting that "[t]he most logical understanding" of the plea colloquy at issue foreclosed defendant's Rule 11 challenge).  Malachowski also cites his own counsel's motion for a downward departure, which, according to Malachowski, signified that the potential sentence carried no mandatory minimum.  A. 221.  To the extent such a claim suggests counsel was ineffective, Malachowski suffered no prejudice because the district court promptly reiterated: "You're right and I read [the motion] and if we weren't dealing with a statutory mandatory minimum, those points would be key." Id.[2]  Malachowski's argument must accordingly be rejected, especially in view of the steep burden he must carry.

Malachowski also complains that the government's proposed plea agreement prior to his entry of his guilty plea required that he stipulate to a firearms increase, pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines.  A. 72.  According to Malachowski, the only

---

[2] Moreover, because Malachowski entered his plea of guilty *pro se* and counsel at this point was operating only as standby counsel before being reappointed, Malachowski is precluded from bringing an ineffective assistance claim arising from this conduct.  See United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998) ("[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel.").

basis for this stipulation was the statement of his co-defendant, Sean Herrmann, that Malachowski placed a gun to Herrmann's head, a statement that Herrmann had recanted. A. 223. Malachowski believes that the stipulation in his contemplated plea agreement violated his due process rights.

This argument is erroneous for two independent reasons. It is undisputed that the proposed plea agreement was rejected by Malachowski because he refused to agree to the firearms stipulation. A. 223. It is well-settled that criminal defendants have "no constitutional right to plea bargain." Weatherford v. Bursey, 429 U.S. 545, 561 (1977). So, once the government withdrew its plea offer, the government had no obligation to re-offer Malachowski the same deal to account for the falsity in Herrmann's statement. See United States v. Gonzalez-Vazquez, 219 F.3d 37, 42 (1st Cir. 2000) ("[T]he government was under no obligation to leave its original plea offer open."). More importantly, Malachowski's assertion that Herrmann's statement was the only basis for the firearms enhancement is belied by his counsel's recommendation that Malachowski's gun possession sentence run concurrently, arguing in effect that Malachowski's possession of firearms was relevant conduct to the continuing criminal enterprise at issue in this case. A. 218-19.

Malachowski's claim that counsel was ineffective for failing to withdraw his guilty plea once it became clear that Herrmann's statement was false is not cognizable on direct appeal. See Massaro v. United States, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003) (highlighting this Circuit's "baseline aversion to resolving ineffectiveness claims on direct review") (internal quotation marks omitted).

Finally, Malachowski argues that the Fifth Amendment prohibition on Double Jeopardy was violated because counts five through 13 charged him with nine different importation charges, at different times, and counts 16 through 24 charged him with nine different distribution charges, again during separate time periods. A. 36-46. We review double jeopardy claims de novo. United States v. McCourty, 562 F.3d 458, 469 (2d Cir. 2009). Malachowski's claim is foreclosed by Blockburger v. United States, 284 U.S. 299, 301 (1932), which held that "distinct and separate sales

4

made at different times" constituted distinct offenses.  <u>See</u> <u>also</u> <u>United States v. Estrada</u>, 320 F.3d 173, 180 (2d Cir. 2003) ("A double jeopardy claim cannot succeed unless the charged offenses are the same in *fact* and in law.") (emphasis added).  And this result is dispositive of Malachowski's multiplicity claim, which also requires that the charged offenses be the same in law and fact.  <u>United States v. Jones</u>, 482 F.3d 60, 72 (2d Cir. 2006).

    For the foregoing reasons, and finding no merit in Malachowski's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK