*United States v. Blanding*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                     23-7204

DIMITRI BLANDING,

> *Defendant-Appellant*,

GABRIEL PULLIAM, a/k/a G, TAHJAY LOVE, a/k/a Goon, ZAEKWON McDANIEL, a/k/a Gap, a/k/a Yung Gap, EZRA ALVES, a/k/a EJ, a/k/a Ezzy, D'ANDRE BURRUS, a/k/a Dopeman, MALIK BAYON, a/k/a Pop, a/k/a Dirt, JUSTIN CABRERA, a/k/a J.U., LADERRICK JONES, a/k/a Lexus, JAIVAUN McKNIGHT, a/k/a Sav, JULIAN SCOTT, a/k/a Ju Sav, DAYQUAIN SINISTERRA, a/k/a Quan, AHMED ALVES, a/k/a Stones, ADRIAN FLEMING, a/k/a Big A, a/k/a Goldo,

JAMES GRAHAM, a/k/a Little Cuz, TAVAUGHN
WRIGHT, a/k/a Teddy,

> *Defendants*.

---

FOR APPELLEE:
DANIEL P. GORDON, Assistant United States Attorney (Conor M. Reardon, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT:
WILLIAM T. KOCH, JR., Old Lyme, Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Kari A. Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on September 19, 2023, is **AFFIRMED**.

Defendant-Appellant Dimitri Blanding appeals from the district court's order denying his motion to dismiss the federal criminal charges against him on the ground that the charges violate the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. In 2020, Blanding was convicted in Connecticut state court of two counts of possessing narcotics, namely heroin, on June 27, 2019, in violation of Connecticut General Statutes § 21a-279(a)(1) (the "State Charges"), for which he received a two-year suspended sentence and two years of probation. On September 14, 2021, Blanding was indicted in federal court on two counts: conspiring to distribute and to possess with intent to distribute controlled substances, namely heroin and fentanyl, between June 2018 and February 2020, in violation of 21 U.S.C. § 846; and distributing and possessing with intent to distribute heroin and fentanyl on June 18, 2019, in violation of 21 U.S.C. §§ 841(a)(1)

2

and 841(b)(1)(C) (the "Federal Charges"). On September 19, 2023, the district court denied Blanding's motion to dismiss, concluding that the Federal Charges did not constitute the same offenses as the State Charges for double jeopardy purposes. This appeal followed.

Although we generally lack jurisdiction to review rulings in criminal cases until a final judgment has been entered, "[d]enials of motions to dismiss on double jeopardy grounds qualify as appealable orders within the collateral order doctrine." *United States v. Olmeda*, 461 F.3d 271, 278 (2d Cir. 2006). Moreover, we review *de novo* the denial of Blanding's motion to dismiss on double jeopardy grounds because it "raises a question of law, or, at most, a mixed question of law and fact." *Id.* In so doing, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The Double Jeopardy Clause provides that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "A double jeopardy claim cannot succeed unless the charged offenses are the same in fact and in law." *United States v. Estrada*, 320 F.3d 173, 180 (2d Cir. 2003). Two successively charged offenses "are the same in fact" only if "a reasonable person familiar with the totality of the facts and circumstances would construe the initial indictment, at the time jeopardy attached in the first case, to cover the offense that is charged in the subsequent prosecution." *Olmeda*, 461 F.3d at 282. Furthermore, those offenses are the same in law only if they meet the "same-elements test" that the Supreme Court established in *Blockburger v. United States*, 284 U.S. 299 (1932). *United States v. Garavito-Garcia*, 827 F.3d 242, 250 (2d Cir. 2016). Under that test, if "each offense contains an element not contained in the other," then the offenses are not the "same offence" for purposes of the Double Jeopardy Clause. *United States v. Weingarten*, 713 F.3d 704, 708 (2d Cir. 2013) (internal

3

quotation marks and citation omitted); *see also Blockburger*, 284 U.S. at 304.

Moreover, even if two successively charged offenses are the same, under "the principle of dual sovereignty, a defendant in a criminal case may be prosecuted [for the same offense] by more than one sovereign without violating principles of double jeopardy." *United States v. Sewell*, 252 F.3d 647, 651 (2d Cir. 2001) (internal quotation marks and citation omitted). Therefore, as a general matter, under the dual-sovereignty doctrine, the Double Jeopardy Clause is not violated by successive state and federal prosecutions for the same conduct. *See United States v. Aboumoussallem*, 726 F.2d 906, 909–10 (2d Cir. 1984). However, "[a] narrow exception to the dual sovereignty doctrine, carved out in *Bartkus v. Illinois*, [359 U.S. 121 (1959)], bars a second prosecution where one prosecuting sovereign can be said to be acting as a tool of the other, or where the second prosecution amounts to a sham and a cover for the first." *Id*. at 910 (internal quotation marks and citation omitted).

Here, the district court determined that there was no double jeopardy violation because the State Charges and the Federal Charges were not the same offense under the *Blockburger* test and, thus, that it need not proceed to analyze whether the *Bartkus* exception to the dual-sovereignty doctrine would apply. We conclude, on *de novo* review, that the district court's analysis under the *Blockburger* test, finding that the State Charges and Federal Charges are different offenses, is correct. In particular, the substantive federal charge, that Blanding sold heroin and fentanyl on June 18, 2019, is a factually distinct offense from the State Charges, which charged him with possessing narcotics more than one week later. *See Blockburger*, 284 U.S. at 302 ("Each of several successive [narcotics] sales constitutes a distinct offense, however closely they may follow each other."); *accord United States v. Malachowski*, 623 F. App'x 562, 565 (2d Cir. 2015) (summary

4

order). Similarly, although the federal conspiracy charge included the drugs seized from Blanding's residence on June 27, 2018, which were also part of the substantive offenses contained in the State Charges, under the *Blockburger* test, "a conspiracy to commit a crime is a separate offense" from the substantive crime itself. *United States v. Felix*, 503 U.S. 378, 391 (1992); *see also United States v. Sessa*, 125 F.3d 68, 71 (2d Cir. 1997) ("A conspiracy to commit a crime and the substantive crime itself are different offenses because each requires an element that the other does not.").

On appeal, Blanding does not dispute that, if the *Blockburger* test applies, his Federal and State Charges do not constitute the same offense for purposes of double jeopardy. Instead, Blanding argues that the *Blockburger* test applies only to successive prosecutions by the same sovereign, not, as here, to successive prosecutions by different sovereigns. Thus, according to Blanding, because his Federal and State Charges involve the "same acts" and the *Blockburger* "same elements" framework is irrelevant, the district court erred in failing to determine whether the *Bartkus* exception to dual sovereignty applies in this case. We disagree.

It is well settled that the definition of "same offence" under the Double Jeopardy Clause is not contingent upon whether the successive prosecutions are brought by the same or different sovereigns. *See United States v. Dixon*, 509 U.S. 688, 704 (1993) (noting that "it is embarrassing to assert that the single term 'same offence' (the words of the Fifth Amendment at issue here) has two different meanings" in two different contexts). Indeed, both the Supreme Court and this Court have referenced the *Blockburger* test in cases analyzing whether successive prosecutions violate the Double Jeopardy Clause in the dual-sovereignty context. *See Gamble v. United States*, 587 U.S. 678, 683 n.1, 685 (2019) ("assum[ing], without deciding, that the state and federal offenses

5

at issue" were the "same offence" under *Blockburger* and then holding there was no double jeopardy violation due to the dual-sovereignty doctrine); *Heath v. Alabama*, 474 U.S. 82, 87–88 (1985) (assuming that the offenses at issue were the same under the *Blockburger* test and then holding that the successive prosecutions were permissible under the dual-sovereignty doctrine); *United States v. Nelson*, 277 F.3d 164, 212 (2d Cir. 2002) ("assuming" that the defendant's state and federal prosecutions "satisf[ied] the 'same elements' test for double jeopardy established in *Blockburger*" before holding that the *Bartkus* exception to the dual-sovereignty doctrine did not apply because of a lack of evidence to support the exception); *Archer v. Comm'r of Correction of State of N.Y.*, 646 F.2d 44, 47 n.2 (2d Cir. 1981) (explaining that "apart from the dual sovereignty doctrine, the case might come within the formulation of *Blockburger*," but it was unnecessary to decide that issue because "the dual sovereignty doctrine [was] fatal to [the defendant's] claim").[1] Indeed, in *Gamble*, the Supreme Court declined a request to overrule the dual-sovereignty rule, explaining that "[e]liminating the dual-sovereignty rule would do little to trim the reach of federal criminal law, and it would not even prevent many successive state and federal prosecutions for the same criminal conduct unless we also overruled the long-settled rule that an 'offence' for double jeopardy purposes is defined by statutory elements" under *Blockburger*. 587 U.S. at 710. This reference in *Gamble* to the application of the *Blockburger* test in successive state and federal prosecutions was a reaffirmation of the long-standing application of the *Blockburger* test in the

---

[1] Other courts have similarly applied the *Blockburger* test in the dual-sovereignty context. *See, e.g.*, *United States v. Perez-Perez*, 72 F.3d 224, 226 (1st Cir. 1995) (holding that, even if the doctrine of dual sovereignty did not apply, the double jeopardy claim would fail under *Blockburger*); *United States v. Andrade*, C.A. No. 18-145-JJM-LDA, 2022 WL 103389, at *2 (D.R.I. Jan. 11, 2022) (same); *United States v. Gray*, Case No. 1:18-CR-272-WKW-GMB, 2018 WL 4855250, at *1 n.1 (M.D. Ala. Sept. 13, 2018) (same); *United States v. Donaldson*, No. 4:05-CR-38, 2007 WL 4882641, at *3–6 (E.D. Tenn. Dec. 20, 2007) (same, in Sixth Amendment context).

dual-sovereign context and a rejection of the novel double jeopardy theory raised by Blanding in this case.

Blanding's reliance on the Supreme Court's decisions in *Bartkus* and *Abbate v. United States*, 359 U.S. 187 (1959), is entirely misplaced. In particular, Blanding notes that in neither *Bartkus* nor *Abbate* did the Supreme Court "mention[]" the *Blockburger* test. Appellant's Br. at 9. However, in both cases, the Supreme Court held that there was no double jeopardy violation under the dual-sovereignty doctrine, regardless of whether the state and federal charges constituted the same offense. *See Bartkus*, 359 U.S. at 138; *Abbate*, 359 U.S. at 194–95. Thus, because the Court affirmed the convictions on other grounds, it did not need to address whether the successive prosecutions in *Abbate* and *Bartkus* were separately permissible under the *Blockburger* test for the "same offence." In fact, in a separate concurrence in *Abbate*, Justice Brennan, who also authored the majority opinion, noted that, because of the Court's disposition of the case under the dual-sovereignty doctrine, "the Court considered that it was unnecessary to discuss" the government's separate arguments under *Blockburger*. 359 U.S. at 196–97 (Brennan, *J.*, concurring).

Blanding's reliance on our decision in *United States v. All Assets of G.P.S. Automotive Corp.*, 66 F.3d 483 (2d Cir. 1995), is similarly unavailing. In *All Assets*, in the context of a claim that an *in rem* civil forfeiture action brought in federal court constituted a second punishment for conduct that had been the subject of a conviction in New York state court, we held that the forfeiture action did not constitute a double jeopardy violation because of the dual-sovereignty doctrine, but remanded for "a consideration of whether th[e] case is one of those rare cases in which the *Bartkus* exception might apply." *Id.* at 496–97 (Calabresi, *J.*, concurring). Blanding argues that, because in *All Assets* we "did not engage in a threshold analysis under *Blockburger*,"

7

and, instead, "went directly to the questions of whether the civil *in rem* proceeding violated the Double Jeopardy Clause and the potential applicability of the *Bartkus* exception to the dual sovereignty doctrine," we were implicitly holding that *Blockburger* does not apply in the dual-sovereignty context. Appellant's Br. at 12 (italics added). We disagree. Indeed, we explicitly declined in *All Assets* to address other double jeopardy issues because the parties had "focused almost exclusively on the dual sovereignty doctrine." 66 F.3d at 492; *see also id*. at 493 (noting that "a final determination that the dual sovereignty doctrine applies would, obviously, make superfluous any consideration of the broader double jeopardy issues implicated in this proceeding"). Thus, the analysis in *All Assets* provides no support for Blanding's position in this case.

In sum, the district court correctly denied Blanding's motion to dismiss the indictment under the Double Jeopardy Clause because his Federal Charges were not the "same offence" as his State Charges under the *Blockburger* test, and thus it was unnecessary to separately determine whether the federal prosecution also was permissible under the dual-sovereignty doctrine.

*           *           *

We have considered Blanding's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8