**UNITED STATES of America,
Appellee,**

v.

**Abdulai KAMARA, also known as
Abdulai Kamora, Defendant–
Appellant.**

**Docket No. 03–1261.**

United States Court of Appeals,
Second Circuit.

Dec. 23, 2003.

Martin J. Siegel, Law Office of Martin J. Siegel, New York, NY, for Appellant.

Joshua A. Goldberg, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; Gary Stein, Assistant United States Attorney, of counsel), New York, NY, for Appellees.

PRESENT: SOTOMAYOR, OAKES, and WESLEY, Circuit Judges.

Defendant–Appellant Abdulai Kamara ("Kamara") appeals from a judgment entered on May 27, 2003, in the United States District Court for the Southern District of New York (Berman, J.), following his jury trial and conviction. Kamara was found guilty on one count of conspiracy to commit wire fraud and to utter and possess counterfeit securities, in violation of 18 U.S.C. § 371; one count of passing and possessing fictitious securities, in violation of 18 U.S.C. § 514; and one count of wire fraud, in violation of 18 U.S.C. § 1343, and sentenced to 24 months' incarceration, five years of supervised release, a mandatory $300 special assessment, and the payment of $56,000 in restitution. On appeal, Kamara challenges the district court's denial of a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1 (2000),[1] arguing that the district court judge misunderstood his authority to grant the adjustment.

A sentencing court's determination that a defendant has not established his entitlement to an adjustment for acceptance of responsibility is given "great deference on review," see U.S.S.G. § 3E1.1, cmt. n. 5, and will not be disturbed unless it is without foundation. See United States v. Hirsch, 239 F.3d 221, 226 (2d Cir.2001) (citations and internal quotation marks omitted). Kamara argued to the district court that, although he asserted his innocence and exercised his right to go to trial, his post-conviction submission of letters expressing his remorse should entitle him to the acceptance of responsibility adjustment. The district court rejected this argument, recognizing that the adjustment is rarely given to a defendant who has asserted his innocence at trial, and finding

1. All references to the Sentencing Guidelines are to the 2000 version of the Guidelines Manual, which the parties agree applies to Kamara's sentence.

that Kamara's expression of remorse did not constitute the rare circumstance meriting the adjustment. On appeal, Kamara contends that the court believed that Kamara's going to trial precluded the adjustment, and therefore misapprehended its authority to grant the adjustment. We disagree.

Kamara's contention is foreclosed by the commentary to § 3E1.1, which provides that "this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. §§ 3E1.1 cmt.2. Because this Application Note is binding on the courts, we have held that a defendant who goes to trial "to deny his factual guilt" may not receive the adjustment for acceptance of responsibility. *United States v. Castano*, 999 F.2d 615, 617 (2d Cir.1993) (citing *Stinson v. United States*, 508 U.S. 36, 44–46, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (holding that Application Notes are binding unless clearly erroneous or contradicted by the Guidelines)). While Kamara correctly points out that there are "rare situations" in which a defendant who is convicted following a trial can receive the adjustment for acceptance of responsibility, "such as where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," *United States v. Sewell*, 252 F.3d 647, 652 (2d Cir.2001) (quoting U.S.S.G. §§ 3E1.1 cmt. n. 2) (internal quotation marks omitted), here Kamara went to trial precisely to assert his factual innocence. Moreover, the "determination that a defendant has accepted responsibility [is] based primarily upon pre-trial statements and conduct," U.S.S.G. § 3E1.1 cmt. n. 2, and here Kamara began expressing remorse only after the jury found him guilty. *See United States v. Castellanos*, 355 F.3d 56, 60, 2003 WL 22835705, at *4 (2d Cir.

2003) (rejecting defendant's post-trial cooperation as a basis for finding acceptance of responsibility). The district court therefore correctly concluded that the instant circumstances do not constitute the rare situation warranting the adjustment.

Moreover, the district court found that Kamara perjured himself at his trial and imposed a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The court correctly noted that because Kamara actively obstructed justice at his trial, he could not benefit from a downward departure for acceptance of responsibility without a showing of extraordinary circumstances. *See* U.S.S.G. § 3E1.1, cmt. n. 4; *United States v. Fernandez*, 127 F.3d 277, 285 (2d Cir.1997) ("When the defendant has engaged in conduct resulting in an enhancement ... for obstruction of justice, ... that conduct ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct, and the acceptance-of-responsibility adjustment may not be given unless the circumstances are extraordinary." (internal quotation marks omitted)). Kamara neither disputes the district court's finding that he perjured himself in an attempt to bolster his defense at trial, nor submits any basis upon which we would conclude that the circumstances of this case are so extraordinary as to warrant granting the adjustment in the face of his obstruction.

For these reasons, the judgment of the district court is AFFIRMED.