**12-1920-cr**
United States v. Valencia

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, Jr.,
         RICHARD C. WESLEY,
         CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                 *Appellee,*

        -v.-                              No. 12-1920-cr

CARLOS ALBERTO MERA VALENCIA, AKA
Frederico Rivera Diaz, AKA Luis Hernando
Motato Velasco, AKA Pintor, AKA El Tio,
AKA Max, AKA Maxi,

                 *Defendant-Appellant,*

HERMES SERRANO VARGAS, AKA Diego, JOSE
JAVIER ROLDAN CHICA, AKA Javier, JULIO
ENRIQUE AYALA MUNOZ, CARLOS SALAZAR,
AKA Compi,

                 *Defendants.*

---

FOR APPELLANT:     LAURIE S. HERSHEY, Manhasset, NY.

FOR APPELLEE:      SUSAN CORKERY, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Sifton, *J.* and Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant Carlos Valencia pled guilty to conspiring to distribute heroin internationally in violation of 21 U.S.C. §§ 963, 959(c), and 960(b).  The district court (Townes, *J.*) sentenced him to 168 months' imprisonment.  Valencia appeals, asserting (1) that the sentence is substantively unreasonable and (2) that the district court erroneously refused to award Valencia credit for acceptance of responsibility.  We assume the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

In sentencing Valencia, the district court properly considered all of the factors mandated by 18 U.S.C. § 3553, including those identified by Valencia.  In light of the

serious nature of the offense and the need to achieve specific and general deterrence, the district court believed that the Guidelines-minimum sentence of 168 months' imprisonment was appropriate. Valencia's prior history – including a previous conviction, incarceration, and deportation - provide ample support for the district court's belief that 168 months' imprisonment is a reasonable sentence for Valencia's role as a middle-man in this international heroin-distribution conspiracy.

Valencia further argues that the district court committed procedural error by not crediting him for accepting responsibility despite its unchallenged determination that defendant obstructed justice. Valencia expressed his remorse for his behavior to the court, but the court explicitly refused to credit his acceptance because during the course of the proceedings, he continually lied about his name, date of birth, and criminal history, filed his fingertips to disguise his true identity, and lied about his previous attorney's role in his many attempts to deceive the court. The district court did not err in its assessment of defendant's credibility or in applying this assessment to his expressions of remorse. *See United States v. Ubiera*,

486 F.3d 71, 76-77 (2d Cir. 2007). The district court distinctly found that the obstruction of justice enhancement was appropriate and that the acceptance of responsibility deduction was not.

Finally, Valencia's multifaceted deceptions provided the basis for both the obstruction of justice enhancement and the loss of the acceptance of responsibility deduction. *See United States v. Champion,* 234 F.3d 106, 110 (2d Cir. 2000) (per curiam). "The Guidelines explicitly permit the same act to be counted both for an obstruction enhancement under section 3C1.1 and for denial of an acceptance of responsibility decrease under section 3E1.1." *United States v. Castellanos*, 355 F.3d 56, 60 (2d Cir. 2003); *see also United States v. Adekanbi,* 675 F.3d 178, 187 (2d Cir. 2012).

We have considered Valencia's remaining arguments and find them to be without merit. For the reasons stated above, the judgments of the district courts are **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4